778 P.2d 1358

**STATE of Arizona, ex rel., Roderick G. McDOUGALL, Phoenix City Attorney, Plaintiff–Appellee,**

v.

**Michael V. RICKE, Defendant–Appellant.**

**1 CA–CV 88–230.**

Court of Appeals of Arizona, Department B, Division 1.

April 25, 1989.

Review Denied Sept. 26, 1989.

Office of the Phoenix City Prosecutor by Cynthia A. Certa, Asst. City Prosecutor, Phoenix, for plaintiff-appellee.

Toles & Associates, P.C. by M. Jeremy Toles and E.M. Overholt, Phoenix, for defendant-appellant.

Office of the Tucson City Prosecutor by Christopher L. Straub, Asst. City Prosecutor, Tucson, Mesa City Prosecutor by Kevin Hays, Chief Asst. City Prosecutor, Mesa, Vincent A. Iannone, Lake Havasu City Atty., by Jonny A. Sutton, Asst. City Atty., Lake Havasu City, for amicus curiae.

## OPINION

HAIRE, Judge.

The sole issue raised in this appeal is whether a numerical estimate of blood alcohol content resulting from a horizontal gaze nystagmus test may be admitted at trial to corroborate a challenged breath test result in a prosecution under A.R.S. § 28–692(B) or as independent evidence of intoxication in a prosecution under A.R.S. § 28–692(A).[1]

### FACTS

Defendant Michael V. Ricke was arrested and charged with driving while intoxicated and with driving with a blood alcohol content of .10% or greater. The arresting officer performed a horizontal gaze nystagmus test[2] on the defendant. The test indicated that the defendant had a blood alcohol content of greater than .10%. A subsequent breath test revealed a blood alcohol content of .16%. The defendant informed the state that he intended to challenge the accuracy of the breath test at trial.

The defendant filed two motions *in limine* in Phoenix Municipal Court challenging the admissibility of the breath test result and the horizontal gaze nystagmus test result. The municipal judge denied the defendant's motion regarding the breath test result and granted the motion regarding the horizontal gaze nystagmus result. Concerning the horizontal gaze nystagmus result, the municipal judge ruled that the arresting officer could only testify that the defendant's performance on the test provided him with probable cause to arrest. The ruling expressly prohibited the officer from testifying that the test disclosed that the

defendant's blood alcohol content was in excess of .10%.

Thereafter, the state filed a special action[3] in Maricopa County Superior Court requesting reversal of the municipal judge's ruling. The superior court judge granted the relief requested and held that in a prosecution under A.R.S. § 28–692(B), the results of a horizontal gaze nystagmus test were admissible to corroborate any disputed breath test results and that the person who administered the test could testify that the test revealed that the defendant's blood alcohol content was greater than .10%. The judge also held that in a prosecution under A.R.S. § 28–692(A), the nystagmus test results were admissible as independent evidence that the defendant was driving under the influence of alcohol. The defendant has filed this appeal challenging that ruling.

### DISCUSSION

The question of whether a horizontal gaze nystagmus test result may be admitted at trial has been exhaustively discussed by our supreme court in *State v. Superior Court In and For Cochise County (Blake)*, 149 Ariz. 269, 718 P.2d 171 (1986). *Blake* held that horizontal gaze nystagmus results may be relied upon to establish probable cause to arrest. *Blake*, 149 Ariz. at 276, 718 P.2d at 178. The supreme court also held that the horizontal gaze nystagmus test is reliable under *Frye v. United States*, 293 Fed. 1013 (D.C.Cir.1923), and is therefore admissible at trial, subject to certain limitations, on the issue of a defendant's blood alcohol level. *Blake*, 149 Ariz.

---

1. Subsections (A) and (B) of A.R.S. § 28–692 provide:

    "A. It is unlawful and punishable as provided in § 28–692.01 for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state.

    "B. It is unlawful and punishable as provided in § 28–692.01 for any person to drive or be in actual physical control of any vehicle within this state while there is 0.10 or more alcohol concentration in the person's blood or breath at the time of the alleged offense."

2. By observing a driver's ability to smoothly track the movement of an object held in front of his eye and slowly moved toward his ear and out of his line of vision, a trained officer can estimate whether the driver's blood alcohol content is less than or greater than .10%. *See State v. Superior Court, (Blake)*, 149 Ariz. 269, 271, 718 P.2d 171, 173 (1986).

3. Under Arizona procedure, a special action is used to obtain relief previously available by writs of certiorari, mandamus or prohibition. *See* Arizona Rules of Procedure for Special Actions, 17B A.R.S.

at 279, 718 P.2d at 181. The supreme court limited its holding concerning the admissibility of nystagmus test results in a prosecution under A.R.S. § 28–692(B). In such a prosecution, nystagmus test results are admissible only to corroborate a disputed blood alcohol content obtained by a breath, blood or urine test. *Id.* The court further held that the horizontal gaze nystagmus test may not be used as independent evidence to trigger the presumption provided by A.R.S. § 28–692(E)(3) that the defendant was under the influence of intoxicating liquor. *Id.* However, the test result may be admitted independently of other evidence as proof that a defendant was under the influence of intoxicating liquor in a prosecution under A.R.S. § 28–692(A). *Blake,* 149 Ariz. at 280, 718 P.2d at 182.

The defendant contends that the superior court's ruling goes beyond the intent expressed by our supreme court in its holdings in *Blake.* He urges that in *Blake* the supreme court did not intend to authorize the admission of testimony that, based on the results of a horizontal gaze nystagmus test, a defendant's blood alcohol content was greater than .10%. Rather, defendant contends, *Blake* only authorizes generalized testimony to the effect that the defendant failed the test or that the test showed that the defendant was impaired.

There is some support in *Blake* for defendant's contentions. The court in *Blake* did not specifically discuss whether testimony concerning admissible horizontal gaze nystagmus test results would be limited as contended by defendants or could be given in more detail, as urged by the state. However, the court did make the following statements:

"We do not address the admissibility of quantified BAC estimates based on angle of onset of nystagmus. 149 Ariz. at 272, n. 1, 718 P.2d at 174, n. 1.

\* \* \* \* \* \*

"It is *not admissible* in any criminal case as direct independent evidence *to quantify* blood alcohol content. 149 Ariz. at 280, 718 P.2d at 182. (Emphasis in original).

\* \* \* \* \* \*

"We further find that the horizontal gaze nystagmus test satisfies the *Frye* test for reliability and may be admitted in evidence to corroborate or attack, but not to quantify, the chemical analysis of the accused's blood alcohol content." 149 Ariz. at 280, 718 P.2d at 182.

Based on these statements, the defendant urges that the court intended to prohibit testimony relating to any quantification of blood alcohol content based upon horizontal gaze nystagmus test results.

■■■ After considering the entirety of the court's opinion in *Blake,* we do not believe that the supreme court intended to be as restrictive as urged by defendant. There are several statements in *Blake* that indicate that, although the court did not intend to allow the use of horizontal gaze nystagmus test results to show a specific blood alcohol content, it did intend to allow testimony that the test results indicated a blood alcohol content greater than .10%.

Thus, in discussing the procedures involved in administering a horizontal gaze nystagmus test, the court noted:

"Based on his field work administering the HGN test and his participation in double blind studies at the Institute, he testified that the accuracy rate of the HGN test in estimating whether the level of BAC exceeds .10 percent is between 80 and 90 percent." 149 Ariz. at 272, 718 P.2d at 174.

More importantly, in discussing the principles which led the court to hold that the horizontal gaze nystagmus test satisfied the *Frye* standard, the court specifically observed that the following propositions have gained general acceptance in the relevant scientific community:

"(3) BAC in excess of .10 percent can be estimated with reasonable accuracy from the combination of the eyes' tracking ability, the angle of onset of nystagmus and the degree of nystagmus at maximum deviation; and (4) officers can be trained to observe these phenomena sufficiently to estimate accurately whether BAC is above or below .10 percent." 149 Ariz. at 279, 718 P.2d at 181.

The importance that the court attached to these latter two observations is demonstrated by the fact that these observations immediately preceded the *Blake* court's conclusion that nystagmus testimony would be admissible on the issue of a defendant's blood alcohol content. Accordingly, we believe that the *Blake* court's intention was to allow testimony, subject to the limitations stated in *Blake*, that the results showed a blood alcohol content greater than .10%. In our opinion, the court's statements prohibiting horizontal gaze nystagmus testimony to "quantify" blood alcohol content were intended to preclude the use of nystagmus test results to independently establish specific blood alcohol amounts as required by Arizona statutory provision discussed in *Blake*.[4]

## OPINION TESTIMONY

The defendant next contends that testimony that horizontal gaze nystagmus test results indicate that the defendant had a blood alcohol content in excess of .10% would be a direct opinion of guilt prohibited under *Fuenning v. Superior Court In and For Maricopa County*, 139 Ariz. 590, 680 P.2d 121 (1983). This testimony, according to the defendant, would impermissibly "parrot" A.R.S. § 28–692(B), which prohibits driving with a blood alcohol content of .10% or greater. For this reason, the defendant again suggests that testimony regarding the horizontal gaze nystagmus test should be limited to the facts observed by the officer administering the tests.

The supreme court in *Fuenning* condemned the practice of eliciting testimony from an arresting officer that he thought that the defendant was intoxicated. *Fuenning*, 139 Ariz. at 600, 680 P.2d at 131. However, the court noted that the rules of evidence permit such testimony. *Id.* The testimony that is complained of here is not the same type of testimony discussed in *Fuenning*. In this case an officer who is trained and certified to administer the horizontal gaze nystagmus test, would testify regarding the results of that test. This is similar to the type of testimony approved by A.R.S. § 28–692.03 regarding the admissibility of blood, breath and urine test results to show blood alcohol content.

We conclude that testimony that the horizontal gaze nystagmus test showed that defendant had a blood alcohol content in excess of .10% is not improper opinion testimony. Subject to the limitations set forth in this opinion, such testimony is admissible upon the laying of a proper foundation. The required foundation for the admission of the horizontal gaze nystagmus test is a showing that the testifying officer has been qualified by appropriate training to administer the test and that the test was properly administered. *State v. Superior Court, (Blake)*, 149 Ariz. at 279, 718 P.2d at 181.

## CONCLUSION

We hold that horizontal gaze nystagmus test results indicating a blood alcohol content of .10% or greater are admissible to corroborate a blood alcohol content determined by a blood, breath or urine test in a prosecution under A.R.S. § 28–692(B). We also hold that such evidence is admissible as independent proof that a driver was under the influence of intoxicating liquor in a prosecution under A.R.S. § 28–692(A).

The judgment entered by the superior court in the special action review is affirmed.

CONTRERAS, P.J., and EUBANK, J., concur.

---

4. These statutes expressly refer to blood alcohol content "as shown by analysis of the defendant's blood, urine, breath or other bodily substance." *See* A.R.S. § 28–692(E). Accordingly, results obtained from a horizontal gaze nystagmus test would not satisfy these statutory requirements.